**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5088**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KEITH LARKINS,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.    Margaret B. Seymour, District
Judge.   (5:08-cr-00098-MBS-1)

_____

Submitted:   July 29, 2011            Decided:   August 11, 2011

_____

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.    John David Rowell, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Larkins pled guilty, pursuant to a written plea agreement, to possession with intent to distribute and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Larkins was sentenced to the statutory mandatory minimum of 120 months' imprisonment. See 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2009) (prescribing ten-year minimum for cases involving five grams or more of cocaine base and prior felony drug conviction) (current version at 21 U.S.C.A. § 841(b)(1)(B) (West Supp. 2011)). Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions the adequacy of the Fed. R. Crim. P. 11 hearing and whether the sentence is reasonable. Larkins has filed pro se supplemental briefs, asserting numerous issues.[1] Finding no error, we affirm.

---

[1] Larkins alleged that (1) the district court lacked subject-matter jurisdiction because there were no interstate commerce facts alleged in the indictment; (2) the Controlled Substances Act is unconstitutional, both generally and as applied to his case, as it exceeds Congress' power under the Commerce Clause; (3) the doctrine derived from Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983), divests this court of jurisdiction because the state dismissed its pending drug charges, which arose out of the same criminal conduct; (4) the time limits in Fed. R. App. P. 4(b)(1)(A) are unconstitutional; (5) the district court failed to comply with the requirement in Rule 11 that a court "address the defendant personally in open court," see Fed. R.
(Continued)

2

Initially, counsel questions whether the district court complied with the requirements of Rule 11 but points to no specific error by the court.[2]  As Larkins did not seek to withdraw his guilty plea in the district court or otherwise preserve any alleged Rule 11 error by timely objection, review by the court is for plain error.  United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002).  To establish plain error, the defendant must show that an error occurred, that the error was plain, and that the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (stating that defendant bears burden of establishing each of the plain error requirements).  We have reviewed the record and

---

Crim. P. 11(b)(1), prior to accepting a guilty plea; (6) the district court failed to ensure that a factual basis supported the guilty plea and that Larkins was competent to plead; and (7) the Government failed to follow the notice requirements of 21 U.S.C. § 851 (2006).  We have considered each of these issues and conclude that they are not meritorious.

[2] Because the Government has not sought enforcement of the appellate waiver, we are not precluded from reviewing the claims raised in this appeal.  United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that, if Anders brief is filed in case with appeal waiver, Government's failure to respond "allow[s] this court to perform the required Anders review").

conclude that the district court committed no reversible error in conducting the Rule 11 hearing.

Counsel also questions whether the sentence imposed by the district court is reasonable. Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. "Procedural reasonableness evaluates the method used to determine a defendant's sentence." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010), cert. denied, __ S. Ct. __, 2011 WL 2037948 (U.S. June 23, 2011). In contrast, "[s]ubstantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2006)]." Id.

We must assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564

4

F.3d 325, 330 (4th Cir. 2009). We presume that a sentence imposed within the properly calculated Guidelines range is reasonable. Mendoza-Mendoza, 597 F.3d at 217. We have reviewed the record with these standards in mind. Our examination leads us to conclude that Larkins' sentence is procedurally and substantively sound. Therefore, the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED